```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

|                           |   |                                |
|---|---|---|
| UNITED STATES OF AMERICA  | : |                                |
|                           | : |                                |
| v.                        | : | Criminal Case Nos. DKC 73-598  |
|                           |   |                   DKC 73-644   |
|                           | : |                                |
| LARRY J. BUDD             |   |                                |
|                           | : |                                |

**MEMORANDUM OPINION**

Larry J. Budd filed a motion for appointment of counsel and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a) on July 29, 2020 in both of his criminal cases in this court. (Case No. 73-598, ECF No. 91)[1]. Mr. Budd notes concerns that he may contract the COVID-19 virus for a second time and that he suffers from asthma, diabetes, hypertension, and several other ailments. The government filed an opposition of April 6, 2021, (ECF No. 99), and Defendant replied on April 20, 2021. (ECF No. 100). For the following reasons, the motion for compassionate release will be denied.

---

[1] Identical motion papers have been filed in both criminal cases, either in full or by incorporation. References to the CM/ECF designations will be from Case No. 73-598. Defendant's motion to appoint counsel will be denied as moot because pro bono counsel is representing him. The government filed a motion for leave to file a surreply. (ECF No. 101). The unopposed motion will be granted. The two motions to seal (ECF Nos. 96 and 98) will be granted. The personal, medical, and victim related information should remain confidential.

## I. Background

Defendant, Larry J. Budd, is currently serving three consecutive life sentences for offenses committed in 1973. On April 5, 1974, he was sentenced in the United States District Court for the District of Maryland to two consecutive life sentences for two counts of kidnapping and aiding and abetting in violation of 18 U.S.C. § 1201. On May 24, 1974, he was sentenced in the United States District Court for the Eastern District of Virginia to five years consecutive to the Maryland life sentences for one count of theft of personal property greater than $100 in violation of 18 U.S.C. § 661. On September 19, 1974, he was sentenced in two D.C. superior court cases. He was sentenced in case number 67707-73 to a minimum term of 20 years imprisonment and a maximum term of life for one count of killing during the commission of rape and robbery in violation of 22 D.C. Code §§ 2402, 2801, 2901 consecutive to his federal sentences. He was also sentenced in case number 69626-73 to a term of two to ten years imprisonment for one count of assault with a deadly weapon in violation of 22 D.C. Code § 502 and one count of robbery in violation of 22 D.C. Code § 2901, to run concurrently to his other D.C. superior court sentence. Defendant's sentences were aggregated, and he is currently serving an "Aggregate Mix US/DC Code Sentence" at a federal correctional

institution in Butner, North Carolina.  At the time of his sentences, he was made eligible for the possibility of parole after he had served twenty years of his aggregated sentences.  Mr. Budd has been denied parole multiples times and his next parole hearing is scheduled for August 2022.  (ECF No. 99-8, at 4).

Mr. Budd filed the instant motion seeking compassionate release for the two life sentences imposed in the court[2] on two grounds:  first, based upon his health conditions and the current COVID-19 pandemic, which he contends constitute extraordinary and compelling circumstances, and second, based upon his age and the length of time he has served on his sentences.  *See* 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).  He seeks reduction in the sentences to time served. The government opposes Mr. Budd's motion on two grounds.  First, the government contends that this court lacks jurisdiction to consider Defendant's 18 U.S.C. § 3582(c)(1)(A) motion because he was convicted prior to November 1, 1987, the effective date of the Sentencing Reform Act.  Thus, the government argues that § 3582 is inapplicable to Mr. Budd and that 18 U.S.C. § 4205(g) is instead the controlling law.  The government further

---

[2] Mr. Budd states that he intends to seek compassionate release separately in the Superior Court of the District of Columbia. (ECF No. 97, at 3.)

argues that if the court determines that it has jurisdiction to consider Defendant's motion, it should be denied on the merits because the 18 U.S.C. § 3553(a) factors do not support release.

## II. Discussion

The compassionate release statute on which Mr. Budd relies, 18 U.S.C. § 3582(c)(1)(A), was enacted as part of the Sentencing Reform Act of 1984.  Pub. L. No. 98-473, 98 Stat. 1837 (1984). Specifically, in Section 212 of the Sentencing Reform Act, Congress enacted a section titled, "Imposition of a sentence of imprisonment," to be codified at 18 U.S.C. § 3582.  As it does today, this section allowed for a reduction of an imposed term of imprisonment based upon a finding of extraordinary and compelling circumstances, except it provided that such a reduction could be made only upon a motion by the Director of the BOP.  *Id*.  The requirement that the Director of the BOP file a motion for reduction on the defendant's behalf was amended by Section 603 of the First Step Act, which provided that a defendant may independently request compassionate release from the sentencing court after exhausting his administrative remedies.

Prior to the Sentencing Reform Act, defendants such as Mr. Budd were sentenced under a sentencing scheme which, among other things, vested the United States Parole Commission with the

authority to grant parole to eligible defendants. *See* 18 U.S.C. §§ 4202–4205. A defendant sentenced under the pre-Sentencing Reform Act scheme to more than one year of imprisonment generally becomes eligible for release on parole after he has served one-third of his imposed sentence or sentences or after he has served ten years of a life sentence. *Id*. § 4205(a). Subject to certain exceptions, all defendants serving a parole-eligible sentence of five years or more are also assigned a mandatory parole date, which is set at two-thirds of each consecutive term or, if a life sentence had been imposed, thirty years of each consecutive term. *Id*. § 4206(d).

Under the parole or old-law sentencing scheme, defendants can seek immediate eligibility for parole based upon extraordinary and compelling circumstances. Specifically, 18 U.S.C. § 4205(g) provides that:

> At any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served. The court shall have jurisdiction to act upon the application at any time and no hearing shall be required.

*Id.* § 4205. The applicable BOP regulation describes a motion filed under § 4205(g) as one to be filed "in particularly extraordinary and compelling circumstances which could not reasonably have been

5

foreseen by the court at the time of sentencing." 28 C.F.R. § 571.60.

The Sentencing Reform Act made a number of changes to the old sentencing laws, including ending the parole scheme under which Mr. Budd was sentenced and replacing it with supervised release. However, the Sentencing Reform Act did not eradicate the old-law sentencing scheme, as the provisions of the Sentencing Reform Act apply only to offenses committed after the effective date of the Act. Pub. L. No. 100-182, § 2(a), 101 Stat. 1266 (1987); *see also United States v. Watford*, 894 F.2d 665, 667 (4th Cir. 1990) (criminal conduct committed before November 1, 1987 not subject to the Sentencing Reform Act). Accordingly, this court's authority to consider a request for compassionate release filed by a defendant under 18 U.S.C. § 3582(c)(1)(A) does not extend to old-law defendants like Mr. Budd who were sentenced for crimes committed prior to November 1, 1987. *See* 28 C.F.R. § 572.40 ("18 U.S.C. § 4205(g) was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date. For inmates whose offenses occurred on or after November 1, 1987, the applicable statute is 18 U.S.C. § 3582(c)(1)(A)."). *See also United States v. Jackson*, 991 F.3d 851, 852-53 (7th Cir. 2021) ("People whose crimes predate

6

November 1, 1987, continue to be governed by the law in force at the time of their offenses, such as the old Chapter 311 of Title 18, which set up a system of parole."); *Sherman v. U.S. Parole Comm'n*, 502 F.3d 869, 870-71 (9th Cir.) ("Because his offenses were committed prior to November 1, 1987, the effective date of the sentencing reform act of 1984 . . . Sherman received 'old law' sentences under the former statutory regime, which remains in effect as to such offenders."). Because the law is clear that § 3582 is inapplicable to Mr. Budd based on the date of his crimes, he cannot directly petition the court for compassionate release or for a reduction of sentence. Accordingly, his motion for compassionate release pursuant to 18 U.S.C. § 3582 must be denied.

Mr. Budd argues in his reply that if the court reached this conclusion[3] then "equity and fairness demand that § 4205(g) not serve as a complete barrier to Mr. Budd obtaining compassionate release[.]" (ECF No. 100, at 1). He contends that his "unique status [as a D.C. offender confined in a federal institution] puts him into a rare and narrow zone [] of offenders for whom neither

---

[3] Mr. Budd seems to concede in his reply that § 4205(g), and not § 3582, is controlling. (*See* ECF No. 100, at 2) ("In 1994, regulations promulgated by the BOP provided that the benefits of § 3582(c)(1)(A) are unavailable to people who were in custody for criminal conduct occurring prior to November 1, 1987[.]").

7

[§] 3582 nor [§] 4205(g) facially appears to offer a means of seeking and obtaining compassionate release." (*Id.*, at 3). He bases this assertion on a BOP regulation issued in 1994 which provides that:

> The Bureau of Prisons has no authority to initiate a request under 18 U.S.C. 4205(g) or 3582(c)(1)(A) on behalf of state prisoners housed in Bureau of Prisons facilities or D.C. Code offenders confined in federal institutions.

28 C.F.R. § 571. 64; 59 FR 1238-01, 1994 WL 3184 (F.R.). Mr. Budd argues that because he

> is a D.C. offender confined in a federal institution, he is an "ineligible offender" for purposes of compassionate release under § 4205(g). As a result of [his] D.C. and federal life sentences being aggregated, the BOP cannot submit a request for compassionate release under 18 U.S.C. § 4205(g) and Mr. Budd is effectively barred from ever being considered for compassionate release regardless of his circumstances and health.

(ECF No. 100, at 3). Thus, he asks the court to look beyond the plain language of § 4205(g) and use its discretion to grant his motion for compassionate release anyway. Mr. Budd is not merely a D.C. offender housed in a federal institution, but a federal offender as well.[4] Indeed, Mr. Budd's D.C. sentence of twenty

---

[4] For a helpful discussion of the structure of the court system in the District of Columbia, allocating jurisdiction

8

years to life in D.C. Superior Court Case No. 67707-73 was imposed to run *consecutive* to his two *federal life sentences*. His sentence of two to ten years imprisonment in D.C. superior court case no. 69616-73 is concurrent to his sentence in Case No. 67707-73. Thus, it appears that Mr. Budd is currently serving the *federal* portion of his sentence (the two consecutive life sentences imposed in the District of Maryland Nos. 73-598 & 73-644), not the D.C. portion of his sentence. Thus, 28 C.F.R. § 571.64 would not bar the BOP from initiating a motion for compassionate release on his behalf under § 4205(g) as to the Maryland federal sentences as Defendant argues.

In its reply, the Government makes that point, differentiating between aggregation of sentences for purposes of parole and the distinct nature of the sentences imposed, some of which are consecutive to one another. Indeed, by stating that he would be filing separately in the superior court, Mr. Budd seems to understand that distinction. He is not serving solely (or even presently) a sentence as a D.C. Code offender. Nothing precludes

---

between the federal court and D.C.'s local courts, and the confusion that sometimes ensues, see *United States v. Hammond*, No. CR 02-294 (BAH), 2020 WL 1891980 (D.D.C. Apr. 16, 2020).

the BOP from filing for compassionate release under § 4205(g) with regard to the Maryland sentences.

At bottom, because he remains eligible for parole and would be eligible for consideration under § 4205(g) upon motion of the BOP, there is nothing inherently unfair in failing to apply the new compassionate release provisions in § 3582(c) to him.

### III. Conclusion

For the foregoing reasons, Defendant's motion for compassionate release (ECF No. 91) is DENIED.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
